IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KODY RAE GROUND,<br><br>Defendant. | CR 24-95 GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Kody Rae Ground (Ground) has been accused of violating the conditions of her supervised release. (Docs. 56 and 60). Ground admitted the alleged violations. Ground shall be placed in custody until October 27, 2026, at 8:00 a.m., at which time she shall be released to the custody of the United States' Probation office, followed by 33 months of supervised release. During the term of her supervised release, Ground shall be placed at a residential re-entry facility for a term of up to 180 days at the direction of her probation officer.

**Status**

Ground pled guilty on May 8, 2025, to the offense of Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C §§ 1153(A) and 113 (A)(6) as

charged in Count 1 of the Indictment. (Docs. 48 and 52). Ground was sentenced to 42 months of custody, with 3 years of supervised release to follow. (Doc. 66). Ground's current term of supervised release began on March 31, 2026.

**Petition**

On July 24, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Ground's supervised release. (Doc. 56). The Petition alleged Ground violated conditions of her supervised release by: (1) failing to comply with substance abuse treatment requirements on July 20, 2026; (2) failing to comply with substance abuse treatment on July 21, 2026; (3) using methamphetamine on July 21, 2026; and (4) consuming alcohol on July 21, 2026.

**Amended Petition**

On August 14, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Ground's supervised release. (Doc. 60). The Petition alleged Ground additionally violated the conditions of her supervised release by: (5) being discharged from substance abuse treatment on August 13, 2026; and (6) prior to August 6, 2026, failing to follow the instructions of her probation officer by not staying at her reported residence nightly.

**Initial Appearance**

Ground appeared before the Court on August 18, 2026. Ground was represented by counsel. Ground stated that she had read the Amended Petition and

that she understood the allegations against her. Ground waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Ground appeared before the Court on August 18, 2026. Ground admitted that she had violated the conditions of supervised release as set forth in the Amended Petition. Ground's admitted violations are serious and warrant revocation of her supervised release.

**Sentencing hearing**

Ground appeared before the Court on August 18, 2026. Ground's violations are Grade C. His criminal history category is I. Ground's underlying offense on is a Class C felony. Ground could be incarcerated for up to 24 months. Ground could be ordered to remain on supervised release for 36 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

**Analysis**

Pursuant to 18 U.S.C § 3583(e)(3), Ground's supervised release should not be revoked. Ground should be sentenced to custody until October 27, 2026, at 8:00 a.m., at which time she shall be released to the custody of the United States' Probation office, followed by 33 months of supervised release. During the term of

her supervised release, Ground shall be placed at a residential re-entry facility for a term of up to 180 days at the direction of her probation officer. This sentence is sufficient but not greater than necessary.

## II. Conclusion

The Court informed Ground that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Ground of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Ground that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS**:

That KODIE RAE GROUND has violated the conditions of his supervised release by: (1) failing to comply with substance abuse testing on July 20, 2026; (2) failing to comply with substance abuse treatment on July 21, 2026; (3) using methamphetamine on July 21, 2026; (4) consuming alcohol on July 21, 2026; (5) being discharged from substance abuse treatment on August 13, 2026; and (6) prior to August 6, 2026, failing to follow the instructions of her probation officer by not staying at her reported residence nightly.

The Court **RECOMMENDS**:

The District Court revoke Ground's supervised release and sentence Ground to custody for until October 27, 2026, at 8:00 a.m., at which time she shall be released to the custody of the United States' Probation office, followed by 33 months of supervised release. During the term of her supervised release, Ground shall be placed at a residential re-

entry facility for a term of up to 180 days at the direction of her probation officer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 19th day of August 2026.

John Johnston
United States Magistrate Judge